PETER MONG *vs*. PETER BELL, DANIEL BELL, AND FREDERICK BELL, ADMINISTRATORS OF FREDERICK BELL.— *December* 1848.

A decree of this court remanding a cause, with directions for further proceedings is, as to all questions decided by it, conclusive and obligatory upon this court as well as the court below, and no error can be imputed to the county court in its subsequent proceedings conforming thereto, when such proceedings are reviewed on a second appeal to this court.

APPEAL from the Equity Side of *Washington* county court.

The proceedings upon the first appeal in this case are reported in 2 *Gill*, 163, *Bell, et al., vs. Webb and Mong*. On that appeal this court, on the 26th of February 1845, passed a decree, reversing the decree of the court below dismissing the bill, and decreeing the sale of the land described in the deed, from *Daniel Berger* to *William Hebb* and *Peter Mong*, of the 27th of July 1820, and directing "an account to be taken between the complainants and said *Mong*, of and concerning the estate adjudged to be sold, as aforesaid, in which the said *Peter Mong* shall be charged with such proceeds, and credited with all moneys paid and applied by him to the purposes of the trust, created by the deed of 27th of July 1820, and for which he has not been reimbursed by other portions of the said trust estate, and also for all necessary expenditures upon the land so decreed to be sold for permanent improvements thereon, over and above the rents and profits of the said land, and that any balance due upon such accounting, shall be applied to the

purposes of the said deed of trust of the 27th of July 1820,'' and remanding the cause.

In obedience to this decree, the land was sold by a trustee, duly appointed by *Washington* county court, and the appellant became the purchaser thereof, at $6252.50. This sale being duly ratified and confirmed, said county court, on the 29th of July 1845, passed an order referring the cause to the auditor, to state an account pursuant to the above decree of the Court of Appeals, with directions to take such testimony in relation thereto as may be adduced by any of the parties in interest. Under this order a large mass of testimony was taken, and the auditor therefrom stated two accounts, in accordance with instructions from the solicitors of the respective parties, and each party excepted to the account stated by the other. The court thereupon passed an order directing the auditor to state an account, charging the defendant, *Mong*, with the rents and profits of the land, from the 1st of April 1822, to the 1st of April 1827, inclusive, at the rate of $150 per annum; and also from the latter date to the 1st of April 1845, at the same rate; also with the sales of land to sundry persons, according to the evidence; also with wood and timber taken from the land, at $10 per acre; also with moneys received by him for the condemnation of land for roads, &c., and crediting him with $1500, paid to *Boyd* on account of the land, $2200 for cost of dwelling house built by him on the land, and various other sums for other improvements, with interest thereon from the time said expenditures were made. To the account stated in pursuance of these directions, the defendant, *Mong*, excepted, and from the order of said court overruling his said exceptions, and ratifying the account of the auditor, he appealed to this court.

The cause was argued before DORSEY, C. J., SPENCE, MARTIN and FRICK, J.

By PRICE for the appellant, and
By SPENCER for the appellee.

DORSEY, C. J., delivered the opinion of this court.

The decree of this court, (on the former trial of this case,) bearing date on the 20th day of February 1845, on all questions decided by it, was obligatory on the county court, in its proceedings subsequently had, and, in conforming to such decree, no error can be imputed to it, when its proceedings are reviewed on the second appeal to this court. After a careful examination and consideration of all the facts and circumstances in the cause, this court have caused the auditor of the court of chancery to state an account, according to its views, of what *Mong* ought to have been charged and credited with under the proceedings of the county court, from which the present appeal has been taken. We have differed with it as to the mode in which interest is to be calculated, and enhanced the amount of some of the credits, and added some new items thereto, and rejected some of the debits adopted by the county court, all which will fully appear by the respective auditor's statements, confirmed by this and that court. An uniform rent has been charged to *Mong*, during the time it has been satisfactorily proved that he received the same or occupied the land in dispute, irrespective of his improvements, and consequently he has been allowed no interest on his expenditures for improvements, which expenditures have been allowed to him, according to the express directions of the former decree of this court, which is conclusive upon us. The charge for wood against *Mong* is wholly rejected, there being no evidence that he ever sold or improperly disposed of it, and, as he believed himself the rightful owner of the land, it is not to be assumed, without clear proof, that he has wantonly or wilfully wasted or destroyed it, no such proof is disclosed by the record.

This court will sign a decree, reversing the decree of the county court, with costs, and ratifying and confirming the statement made by the auditor, in pursuance to its directions, and decreeing, that out of the proceeds of sale, now or hereafter to be in the hands of the trustees, there be paid to the complainants the sum of $1775.58, being the principal and interest of the mortgage debt due to them, up to the 13th day of September 1845. The sum of $1334.85, shall be forth-

with paid by the said trustees to the appellees, and be deducted from the said mortgage debt and interest, as a payment made on the 13th of September 1845, and the balance of said mortgage debt, amounting to the sum of $440.73, shall be paid by said trustees to the appellees, with interest thereon, until the said trustees may have received, or shall receive, as the case may be, a sufficiency of the amount of sales for the payment thereof, and this cause will, by the decree of this court, be remanded to the county court, that the principles of this decree may be carried into effect, and that such further proceedings may be had therein, as the nature of the case may require.

DECREE REVERSED AND CAUSE REMANDED.