THOMAS QUAYLE *et al.*

*v.*

ALEXANDER E. GUILD, Admr.

CHANCERY PRACTICE—*reference, for account.* On bill for an account, where large sums of money are involved in the account, and the business covers a considerable time, and the testimony as to the rights of the parties is conflicting and unsatisfactory, the cause must be referred to a master to render a concise and accurate statement of the account, so that the same may be easily comprehended, and any objection taken passed upon understandingly.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This bill was for an account, and was filed by Alexander E. Guild, as administrator of the estate of Henry L. Curran, against Thomas Quayle and James McKeoun. It is set forth in the bill that Curran, in his lifetime, was a joint owner with defendants of the brig Robert Burns; that Curran owned one-fourth, and defendants the other three-fourths of the vessel; that prior to its destruction, in November, 1869, the owners

554      Quayle *et al.* *v.* Guild, Admr.      [Sept. T.

Opinion of the Court.

had it in the carrying trade on the lakes as a joint enterprise, according to their respective interests in the vessel, a part of the time with Curran in command, as captain; that the brig had been insured in the sum of $10,000, all of which was received by defendants; and that complainant is entitled to an accounting, from March 1, 1867 to November 15, 1869, of " all the earnings, expenses, outgoings and incomings of every kind and character of said vessel during the period they owned her as joint owners; also, the wages of Curran as captain; also, all moneys collected or received by defendants in satisfaction and discharge of the collision suit," as well as all moneys received on account of insurance on the vessel.

On the hearing, the court found " that, on or about the 22d day of November, 1872, defendants did account with complainant, and upon such accounting, defendants were found to be jointly indebted to complainant in the sum of $1213, being the final balance found due and owing by them to complainant, which said final balance of $1213 said defendants then and there agreed and promised to pay said Guild as administrator," and decreed payment of that sum within sixty days, with interest at the rate of six per cent per annum, making a sum, at the date of the decree, of $1447.84, and in case of default, ordered that execution issue therefor.

Messrs. Carter, Becker & Dale, for the appellants.

Mr. Sidney Smith, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

Aside from the objection the bill is not framed on the theory there had been an accounting between defendants and complainant as to all matters in difference between them, we do not understand the testimony as showing any definite sum had been agreed upon as due from defendants to the estate of Curran. How the court reached that conclusion upon the evidence, we are unable to comprehend. Certainly, there is nothing in the record as it comes before us, to warrant it. The testimony as

to an admission any specific sum was owing to the estate of Curran, is so unsatisfactory that we can not regard anything as having been proven on that subject.

That complainant is entitled to an account as prayed for in his bill is apparent, on examination of the testimony. Having ascertained that fact, the court ought to have referred the cause to a master in chancery to take and state an account between the parties. The earnings and expenses of the brig during the seasons she was used in the trade amounted to considerable sums of money. Consisting of many items arising out of a multi-tude of transactions, and running through a series of years, as they do, it would be a matter of great difficulty to adjust an account between the parties that would do justice. That is the appropriate work of a master, and the cause ought to have been referred, as is the usual practice in chancery. This was not done, nor did the court itself undertake to adjust the ac-counts between the several joint owners of the vessel. It based its decree on the assumed fact a sum certain was agreed upon and admitted to be due the estate of Curran by defend-ants, when no such thing was proven by any satisfactory evi-dence. The testimony comes before us in a confused mass, which would render it impracticable for us to adjust the equi-ties between defendants and the estate of Curran, were we dis-posed to enter upon that work. According to the practice so often declared by this court, where accounts involve large sums of money, and the testimony as to the rights of parties is con-flicting and unsatisfactory, the cause must be referred to a mas-ter to render a concise and accurate statement of the accounts, so that the same may be readily comprehended, and any ob-jection taken passed upon understandingly. *Moss* v. *McCall*, 75 Ill. 190. Because that was not done in this case, the decree will be reversed, and the cause remanded.

*Decree reversed.*