THOMAS QUAYLE *et al.*

*v.*

ALEXANDER E. GUILD, Admr.

1. LIMITATIONS—*action of account.* The action of account is not specifically provided for in the Statute of Limitations, and therefore is embraced in that clause of the statute which declares that "all civil actions not otherwise provided for" shall be barred, unless commenced within five years next after the cause of action shall have accrued.

2. SAME—*where there are concurrent remedies at law and in equity.* Where there is a legal and an equitable remedy in respect to the same subject matter, the latter is under the control of the same statutory bar as the former.

3. SAME—*on bill in chancery for an account, as between partners.* The administrator of a deceased partner has his remedy at law, by action of account as well as by bill in chancery, against the surviving partners, for an account. So, if the administrator shall resort to his remedy in chancery in that regard, the suit will be subject to the limitation of five years, as that would have controlled the remedy at law had it been resorted to.

4. SAME—*in respect to trusts.* While the Statute of Limitations does not apply to direct trusts created by deed or will, and perhaps not to those created by appointment of law, such as executorships and administrations, yet constructive trusts, resulting from partnerships, agencies, and the like, are subject to the statute.

5. So, upon bill filed by the administrator of a deceased partner against the surviving partners for an account, it was held the trust existing between the parties in respect to the subject matter of the suit was but a constructive trust, and so subject to the Statute of Limitations.

6. Same—*effect of an accounting by one partner as destroying the fiduciary relation.* But even if the fiduciary character of the several partners in respect to each other were such as to exclude the operation of the statute, still, where there has been an accounting by the surviving partners with the administrator of the deceased partner, and the amount resulting from such accounting paid over to the administrator, and claimed to be the whole amount due, though not accepted as such by the administrator, the court are inclined to consider such action on the part of the surviving partners as an abandonment of their fiduciary character, and that their relationship thereby became adverse, so that from the time of the payment the Statute of Limitations would begin to run.

7. Same—*of payment as taking a case out of the statute.* After the accounting by the surviving partners, and the payment by them of the amount resulting therefrom, they made a further payment to the administrator of a sum arising out of a suit between the partnership and a third person, and which was undetermined at the time of the accounting; it was *held,* this second payment would not operate to draw the general account after it, or as any admission in respect to it, because that general account, since its payment, was no longer admitted by those who made the accounting to be an open and current account.

8. In order to take a case out of the statute, there must be a promise to pay the debt. It is not enough that the debtor admitted the account to be correct, etc., but he must have gone further and admitted that the debt was still due, and had never been paid.

9. Same—*at what stage of the cause the defence under the statute may be considered—and herein, of a former adjudication.* Upon bill by the administrator of a deceased partner against the surviving partners for an account, the defendants denied their liability to account, and also set up and relied upon the Statute of Limitations in their answer. The court below found that there had already been an accounting between the parties, and the sum due the complainant thereby ascertained, and that sum was decreed to be paid. Upon an appeal to the Supreme Court, it was held the complainant was entitled to an account, and that the cause ought to have been referred to the master to take and state an account between the parties, and because that was not done the decree was reversed and the cause remanded. No notice was taken, on the appeal, of the defence of the Statute of Limitations: *Held,* there was nothing in the finding and judgment of this court on that appeal amounting to an adjudication against the defence of the Statute of Limitations, or precluding it from being afterward insisted on in the lower court.

10. In such case there can be no proper application of the Statute of Limitations until there has been a statement of the details of the account, and when the cause is ready for hearing on all the pleadings and proofs.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and the Hon. GEO. W. PLEASANTS and Hon. J. M. BAILEY, Justices.

This was a bill in chancery for an account, exhibited in the circuit court of Cook county. The cause was heard before the Hon. E. S. WILLIAMS, Judge, presiding. From the decree rendered in the circuit court an appeal was taken to the Appellate Court of the First District, wherein the decree was affirmed. An appeal was thereupon taken from the Appellate Court to this court.

Messrs. BECKER & DALE, for tne appellants:

The Statute of Limitations is a good bar to an action of account between a representative of a deceased partner and his surviving partner. *Weisman* v. *Smith,* 6 Jones' Eq. 124; *Ogden* v. *Astor,* 4 Sandf. (S. C.) 314; *Ray* v. *Bogart,* 2 Johnson's Cases, 432; *Tharp* v. *Tharp,* 15 Vt. 105.

If it be said that the statute does not apply to this case because it is a case of trust, the reply is that the accounting with the administrator was an abandonment by appellants of their fiduciary character; their relationship thereby became adverse, and the statute began to run. Angell on Lim. § 174; *Albretch* v. *Wolf,* 58 Ill. 186; *Weisman* v. *Smith, supra.*

The payment of $118 in September, 1870, was not such a payment within the five years as would draw the general account after it, because (1) the general account was no longer an open and current account, but had been stated by the acquiescence of appellee in the account rendered, and had been settled by the payment of the $800. (Angell on Limitations, § 150.) (2) Even though still open and current, the payment in September, 1870, can not be construed as a new promise to pay the general account, and thus draw after it the general account, because the payment was specifically appropriated by the appellee and appellants, not to the general account, but to the claim growing out of the collision suit. *Lowery* v. *Gear,* 32 Ill. 382; *Mills* v. *Fowkes,* 5 Bing. N. C. 455.

The admissions above mentioned, if conceded, do not amount to a new promise to take the case out of the statute, for though they may be construed as admissions of indebtedness, they can not be tortured, by the most exquisite construction, into promises to *pay*, which are essential to constitute a new promise. *Keener* v. *Grull*, 19 Ill. 190; *Kimmel* v. *Schwartz*, Breese, 278; *Wachter* v. *Albee*, 80 Ill. 47; *Carroll* v. *Forsyth*, 69 id. 127.

Neither an admission that the account was correct and a promise to call and settle, nor an offer of security, constitutes a new promise. *Ayers* v. *Richards*, 12 Ill. 147; *Wachter* v. *Albee, supra; Exeter Bank* v. *Sullivan*, 6 N. H. 124; *Hancock* v. *Bliss*, 7 Wend. 267.

Mr. SIDNEY SMITH, for the appellee:

The Statute of Limitations does not apply in a case of this character, for the reason that, as surviving partners in possession of the partnership assets, the appellants occupied the position of trustees, and so it has been held by this court. *King* v. *Hamilton*, 16 Ill. 190; *Nelson* v. *Hayner*, 66 id. 487.

Moreover, appellants made a payment on account of the partnership interest to appellee of $118.12, on the 6th of September, 1870, and the bill in this cause was filed June 4, 1875, within five years thereafter, so that if the statute applied it had not run.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for an accounting, filed by Alexander Guild, Jr., as administrator of the estate of Henry L. Curran, deceased, against Thomas Quayle and James McKeown, as joint owners and partners with Curran in the ownership and navigation of the brig "Robert Burns."

The master in chancery, to whom there had been a reference of the cause to take and state an account, made his report, stating a balance against the defendants of $2200.59. Excep-

tions filed by both parties to the report were overruled, and a
decree for this balance was rendered against the defendants,
from which they appealed.

It appears that on March 25, 1867, the appellants and Cur-
ran purchased the brig, the former taking a three-fourths
and the latter a one-fourth interest in the vessel. The brig
was employed in the wood and lumber trade, on the lakes, for
the seasons 1867, 1868, and until the 16th of November, 1869,
when she was lost, with all on board, including Curran, who
was then sailing her as captain.

On May 13, 1870, the appellee was appointed administrator
of the estate of Curran. The appellants, who had acted for
the brig on shore, collecting the freights and paying the ex-
penses, desired the appellee to state the account between them
and the estate. This he declined, but recommended to them,
as a proper person to do it, Mr. Kohlsaat, of the firm of Smith
& Kohlsaat. In accordance with this suggestion, appellants
carried their books of account, and certain vouchers relating
to the vessel, to the office of Smith & Kohlsaat, who prepared
an account and a surviving partner's inventory, presenting
the former in the latter part of May or first part of June, 1870,
to the appellee, who said it was all wrong, and filing the in-
ventory in the county court during said month of June. A
balance of about $800 in favor of the estate was found by
Kohlsaat. On May 25, 1870, appellants paid to appellee $800,
which the latter receipted for as being to apply on money in
appellants' hands, received from insurance of the brig "Robert
Burns," and belonging to the heirs at law of Henry L. Curran,
deceased.

A suit for damages to the "Robert Burns" from a collision
with another vessel was then pending, in which judgment was
afterwards rendered in favor of the "Burns" for $472.50,
one-fourth of which ($118.12), the share of the deceased, was
paid to appellee September 6, 1870, and his receipt taken.

In November, 1872, appellee brought an action at law
against appellants in the circuit court of Cook county, which

involved the same subject matter as this suit, wherein a judg-
ment against appellee, by non-suit, was entered, July 2, 1874.
The bill in this case was filed June 4, 1875.

The Statute of Limitations is set up as a bar to this suit, it
being, that "actions on unwritten contracts, expressed or im-
plied, * * * and all civil actions not otherwise provided
for, shall be commenced within five years next after the cause
of action accrued." Rev. Stat. 1874, p. 675, § 15.  Our stat-
ute in regard to the action of account provides, that such action
may be sustained by one joint tenant, tenant in common, or
coparcener against the other or others—by one or more co-
partner or co-partners against the other co-partner or co-
partners, to settle and adjust their co-partnership accounts and
dealings,—on book account,—by and against executors and ad-
ministrators, in all cases in which the same might have been
maintained by and against their testator or intestate.  Rev.
Stat. 1874, p. 100.  No time of limitation of the action of
account is specifically provided, hence leaving the five years'
limitation above named for actions not otherwise provided
for to apply.

Story, speaking of bills for an account, remarks:  " In cases
of this sort, where the demand is strictly of a legal nature, or
might be cognizable at law, courts of equity govern themselves
by the same limitations, as to entertaining such suits, as are
prescribed by the Statute of Limitations in regard to suits in
courts of common law, in matters of account.  If, therefore,
the ordinary limitation of such suits at law be six years, courts
of equity will follow the same period of limitation.  In so
doing, they do not act, in cases of this sort, (that is, in matters
of concurrent jurisdiction,) so much upon the ground of anal-
ogy to the Statute of Limitations, as positively in obedience
to such statute."  1 Eq. Jur. § 529, and see *Hancock* v. *Har-
per*, 86 Ill. 446, and *Tharp* v. *Tharp*, 15 Vt. 105.

The entire account here involved had accrued previously to
May 25, 1870.  No transaction on the general account has
since occurred.  The present suit was instituted more than five

years afterward. So far as we can see, the bar of the Statute of Limitations set up must be held to be a good defence.

The same subject matter of the demand here might have been made the subject of an action at law, to-wit, an action of account, and where there is a legal and an equitable remedy in respect to the same subject matter, the latter is under the control of the same statute bar with the former. *Kane* v. *Bloodgood*, 7 Johns. Ch. 90.

There are but two answers made by appellee against the allowance of the bar of the statute :

1st. That as surviving partners in possession of the partnership assets the appellants occupied the position of trustees,— citing *King* v. *Hamilton*, 16 Ill. 190, and *Nelson* v. *Hayner*, 66 id. 487, as to that effect; and that the Statute of Limitations does not apply in cases of trust.

In *Albretch* v. *Wolf*, 58 Ill. 186, this court held the following language: "In *Farnam* v. *Brooks*, 9 Pick. 212, it was held that the Statute of Limitations does not apply to direct trusts created by deed or will, and perhaps not to those created by appointment of law, such as executorships and administrations; but constructive trusts, resulting from partnerships, agencies, and the like, are subject to the statute. The doctrine of that case is supported by good authority. *Walker* v. *Walker*, 16 Serg. & Raw. 379; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *Merwin* v. *Titsworth*, 18 B. Mon. 582." *Wilhelm* v. *Caylor*, 32 Md. 151, is an authority to the point, that the rule with respect to the bar of the Statute of Limitations is equally applicable in the case of a bill for an account by one partner against another, as in other cases of a bill for an account; and see *Weisman* v. *Smith*, 6 Jones' Eq. Rep. 124.

The trust here claimed we regard as but a constructive trust, and so subject to the Statute of Limitations.

And even were it a case of proper trust which would not be within the application of the statute, we would be inclined to consider that the accounting with the appellee and the payment made to him on May 25, 1870, was an abandonment by

appellants of their fiduciary character; that their relationship thereupon became adverse, and that the statute from that time would begin to run. *Albretch* v. *Wolf, Hancock* v. *Harper, supra.* Ang. on Lim. § 174.  The account made out and presented by appellants or their attorney to appellee, although not assented to by the latter, purported to be a full statement of the account between appellants and Curran, showing a balance of about $800 to be due the estate of the latter; to be a statement of the whole amount due from appellants; and was equivalent to an open denial that anything more was due.  The payment by appellants to appellee of $800, May 25, 1870, though not so stated in the receipt, is reasonably to be taken as having been made by appellants on their part, as for the balance due from them as found by the account rendered.  This would seem to amount to an open denial or repudiation of the trust, which required appellee to act as upon an asserted adverse right.

2d.   It is next claimed, that even if the statute does apply here, the payment made by appellants of $118.12 on the 6th of September, 1870, takes the case out of the statute.

We do not see that this was such a payment within the five years as would draw the general account after it, because the general account since May 25, 1870, was no longer admitted by appellants to be an open and current account, but they had rendered an account stating the balance due as they claimed, which they had paid, and which was in the full adjustment of it, as may be supposed to have been claimed by them.   The collision suit for damages to the "Robert Burns" was pending at the time of the payment made May 25, 1870, judgment in which was afterward rendered in favor of the "Burns," and this payment of $118.12 was the one-fourth part of that judgment.   The payment was not on the general account, but was specifically appropriated by both parties to the claim growing out of the collision suit; and it is not perceived how this can be construed into an admission of anything with respect to the general account, much less as a promise to pay.   In order to take a case out of the Statute of Limitations, there must be a

promise to. pay the debt. It is not sufficient that the debtor admitted the account to be correct, etc., but he must have gone further, and admitted that the debt was still due and had never been paid, *Ayers* v. *Richards,* 12 Ill. 146 ; *Wachter* v. *Albee,* 80 id. 47.

Holding the plea to be a bar to the suit, the decree will be reversed, and the cause remanded for further proceedings in conformity to this opinion.

*Decree reversed.*

Afterward, a rehearing in this cause was granted, upon the petition of the appellee.

Mr. SIDNEY SMITH, for the petitioner :

The ruling of this court on the former appeal (83 Ill. 553) was an adjudication against the defence of the Statute of Limitations. If the appellants were not satisfied with that decision their only remedy was by petition for a rehearing.

Having failed to avail themselves of this, they are as remediless as though they had originally failed to set up the Statute of Limitations as a bar to the relief prayed for in the complainant's bill of complaint. *Hallowbush* v. *McConnell,* 12 Ill. 203.

Where the facts are the same upon the second appeal, the decision of this court upon the first appeal is conclusive. *Elston* v. *Kennicott,* 52 Ill. 272.

The court below " is concluded by the legal principles announced by the appellate court" on a former appeal. *Chickering* v. *Failes,* 29 Ill. 294 ; *Rising* v. *Carr,* 70 id. 596 ; *Chicago and Alton Railroad Co.* v. *The People,* 72 id. 82; *Johnson* v. *Von Kettler,* 84 id. 315.

After a case has been brought to the appellate court and remanded, " if a second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be re-heard or examined upon the second." *Roberts* v. *Cooper,* 20 How. (U. S.) 467–81.

Where a case has been before the court above, and a decision made upon the law of the case as presented by the record, and the court below proceeds, in pursuance of the opinion of the court above, and gives judgment accordingly, the judgment will be affirmed, "for the reason that the court below, being bound by the decision of the court above, could not err in giving judgment in conformity to it." *Clerklee* v. *Mundell,* 4 Harr. & John: 497.

See also, to the same effect, *Mong* v. *Bell,* 7 Gill, 244; *Porter* v. *Hanley,* 5 English, 186; *Gill* v. *Williamson,* 1 Porter (Ala.) 321; *Price* v. *Price,* 23 Ala. 609.

The same principle has been applied even in criminal cases. *Marshall's case,* 5 Gratt. 663, and again reported at page 693.

Messrs. BECKER & DALE, contra:

By examining the opinion, it will be seen that the court passed *sub silentio* the question raised by appellants on the former appeal as to the Statute of Limitations. It is insisted that appellants, if they desired still to rely upon the statute, should not have contented themselves with a reversal of the cause on the ground assigned by the court, but should have petitioned for a rehearing, again relying on the statute.

This might be true if the order referring the case to a master was final and irrevocable, or determined anything else than the *liability to account.* But it was merely interlocutory, establishing nothing but such liability, and continued subject to the chancellor's power to modify, alter or vacate, as justice might require. *Gibson* v. *Rees,* 50 Ill. 383.

"The only question at the original hearing is, whether the defendant is an accounting party." Gresley's Eq. Ev. [168.]

"Where the suit is for an account, all the evidence necessary to be read at the hearing is that which proves the defendant to be an accounting party, and then the decree to account follows of course." 1 Daniell's C. P. 857.

Notwithstanding a reference to a master to take an account, and a report by him finding a certain sum due from the de-

fendant, the court may, upon final hearing, dismiss the bill; and this, too, after an appeal and a mandate from the upper court to proceed with the account. *Fourniquet* v. *Perkins,* 16 How. 83.

So complete is the control of the court over its interlocutory orders, that it has been held that a reference to take an account does not preclude the parties from insisting at the final hearing that they ought not to be decreed to account. *Smith* v. *Estes,* 2 Haywood, (N. C.) 338; *Smith* v. *Mallett,* id. 381.

Where there has been no final judgment in a cause, a party may on appeal examine the whole case, and open for consideration all prior or interlocutory decrees any way connected with the merits of the decree from which he has appealed; and this, too, notwithstanding such orders or decrees may have been affirmed by the appellate court. *Price* v. *Nesbit,* 1 Hill Ch. (S. C.) 445.

Even at law, the judgment *quod computet* establishes nothing except the defendant's liability to account, is under the control of the court, and subject to be set aside if improperly entered. *Spear* v. *Newell,* 2 Paine C. C. 267.

Where a defendant at law has failed to plead in bar *plene computavit,* he may still show before the auditors, by an exhibition of the accounts, that nothing is due, or that plaintiff has been fully paid. *Lee* v. *Adams,* 12 Ill. 111.

It has been questioned whether the Statute of Limitations is a proper plea in bar, in the action of account at law. *Bishop* v. *Baldwin,* 14 Vt. 145.

This court, by passing in silence appellants' assignment of error relating to the Statute of Limitations, simply reserved its consideration for some subsequent occasion. A special reservation in the opinion was unnecessary, since, from the nature of the case, and from well established equity practice, an order to account determines nothing but the relationship of the parties.

Per CURIAM: The sole point made upon the rehearing of this case is, that this cause was once before us on a former appeal, (*Quayle* v. *Guild*, 83 Ill. 553,) and that the finding of the court then that the complainant was entitled to an account, and the order remanding the cause for a reference to the master in chancery, to take and state an account between the parties, amounted to an adjudication of this court against the defence of the Statute of Limitations, and precluded it from being afterward insisted on in the lower court. In the decree from which the former appeal was taken, the circuit court found that there had been an accounting between the parties, and ordered the payment to the complainant of the sum which had been found due to him on such accounting. It was insisted in the argument of appellants' counsel on that appeal, among other things, that the Statute of Limitations was a bar to the suit.

We merely found then, that there was nothing in the record to warrant the finding of the lower court that there had been an accounting between the parties, and said: "That complainant is entitled to an account, as prayed for in his bill, is apparent on examination of the testimony. Having ascertained that fact, the court ought to have referred the cause to a master in chancery, to take and state an account between the parties. * * * According to the practice so often declared by this court, where accounts involve large sums of money, and the testimony as to the rights of the parties is conflicting and unsatisfactory, the cause must be referred to a master to render a concise and accurate statement of the accounts, so that the same may be readily comprehended, and any objection taken passed upon understandingly. Because that was not done in this case the decree will be reversed and the cause remanded." This is substantially all that was then decided.

There was no decision of the case on the merits on the former appeal. It was not necessary to consider, nor did the court consider the effect of the Statute of Limitations. The court, by passing in silence appellants' assignment of error relating to the Statute of Limitations, simply reserved the con-

sideration thereof for some subsequent and proper stage of the cause.

The order to account was but an interlocutory order, and only determined the liability to account. *Spear, Carlton & Co.* v. *Newell,* 2 Paine C. C. 267. Notwithstanding a reference to a master to take an account, and a report by him, finding a certain sum due from the defendant, the court may upon final hearing dismiss the bill. *Fourniquet* v. *Perkins,* 16 How. 83; and see *Smith* v. *Estes,* 2 Haywood, 338; *Smith* v. *Mallett,* id. 381; *Price* v. *Nesbit,* 1 Hill Ch. (S. C.) 445. Where the suit is for an account, all the evidence necessary to be read at the hearing is that which proves the defendant to be an accounting party, and then the decree to account follows of course; and any evidence as to the particular items of an account, however useful they may be in a subsequent stage of the cause, would be irrelevant at the original hearing. 2 Dan. Ch. Pr. (Perkins' ed.) 854. The Statute of Limitations was set up here in the answer. When so set up, defendant can not have that part of his answer constituting a distinct and substantive bar disposed of before the cause is ready for hearing on all the pleadings and proofs. *McLin* v. *McNamara,* 1 Dev. & Batt. 408. Hence, the only proper time for passing upon the defence of the statute was not until after the account had been taken, and at the final hearing. There could not have been made a proper application of the Statute of Limitations to the case until there had been a statement of the details of the account.

Upon the taking of the account before the master, after the cause had been remanded, the defendants insisted upon, before him, the defence of the Statute of Limitations, which was overruled by the master, and an exception taken by defendants.

We are of opinion that appellants are not estopped from relying upon the defence of the Statute of Limitations by reason of any action of this court upon the former appeal, and seeing no cause to change our previous decision upon the present appeal, we must adhere to our former opinion herein.

Mr. JUSTICE SCOTT: I do not concur in this decision.