# MEREDITH COOPER
## V.
# ABRAHAM McNEIL ET AL.

1. PARTNERSHIP MATTERS—SHOULD BE REFERRED TO MASTER.—Complex and intricate accounts are unfit subjects for examination in court, and ought always to be referred to a master for examination and report. When such questions are brought to this court without reference to a master, the decree will be reversed with directions to have such reference made.

2. ATTORNEY'S FEES—NOT ALLOWED.—There is no statute authorizing the allowance of attorney's fees as part of the costs in a case. The discretion of a court of equity in awarding costs must be confined to the fees allowed by statute.

3. TRUST DEED—COSTS AND CHARGES OF TRUSTEE.—There is no evidence that the trustee has incurred any costs and charges in the execution of his trust, and under the provision in the deed, to pay out of the proceeds " the costs and charges of this trust," none can be allowed him in this litigation. The provision in the deed covers only costs made by him in case he should sell under the power in the deed.

APPEAL from the Circuit Court of Sangamon county; the Hon. J. J. PHILLIPS, Judge, presiding.   Opinion filed October 19, 1881.

Messrs. McGUIRE, HAMILTON & SALZENSTEIN, and Mr. STEPHEN FRENCH, for appellant; that to create an estoppel in favor of a purchaser, by reason of declarations made by the seller, it must appear that the seller knew they were false; that they were made to induce the purchaser to act upon them, and that the purchaser did rely upon them, cited Bispham's Prin. Eq. § 291; Bigelow on Estoppel, 437; People v. Brown, 67 Ill. 435; Hefner v. Vandolah, 57 Ill. 520; International Bank v. Bowen, 80 Ill. 541.

The court cannot grant more than is prayed for, and the cross-bill not asking for an allowance for attorney's fees, such allowance was erroneous: Adams v. Payson, 11 Ill. 26; Constant v. Matteson, 22 Ill. 546; Conwell v. McCowan, 53 Ill. 364.

Messrs. ORENDORF & CREIGTON, for appellees.

DAVIS, J.   This was a bill in chancery filed by appellant to obtain relief against the payment of a note secured by a trust deed executed by him.   A cross-bill was filed by Jefferson Yocum, one of the appellees, and the present holder of the note, to foreclose the trust deed to satisfy the amount remaining due on the note.

The prayer of the original bill is for an account of partnership transactions, and that upon the payment of what, if anything, shall be found remaining due from appellant, the note and trust deed be delivered up and canceled and for general relief.

On the hearing of the cause, the court below rendered a decree in favor of complainant in cross-bill for $915, on the note and trust deed, and for $75, attorney's fee and costs of suit, except certain specified costs.

From that decree appellant appealed to this court.   The decree cannot be sustained.   Partnership matters are involved and complex and intricate accounts, running through several years, are to be examined, and we are called upon to determine from a mass of evidence submitted to us, how the accounts stand between the parties.   No reference was made to the master in chancery to make and state the account and report to the court below, so that exceptions could be taken at the proper time and in the proper manner, and disposed of in that court, when, if appealed, or carried farther on writ of error, a few distinct questions could be presented here for review.

In Patten v. Patten, 75 Ill. 447, it was said: " This court upon the nature of the matter and the authority of the case of Dubourg v. United States, 7 Peters, 625, has repeatedly held that a complex and intricate account is an unfit subject for examination in court and ought always to be referred to a master, to be examined by him and reported in order to a final decree.   When that is done, specific exceptions can be taken, which may be reviewed in this court.   When this court is asked upon appeal or error to re-examine such an account and the party in whose favor the decree is rendered had thus brought it into court for examination without reference to a master, the decree will be reversed with directions to have the reference made as was done in the case just referred to."   To

the same effect is Moss v. McCall, et al. 75 Ill. 190;  Mosier v.
Norton et al. 83 Ill. 519;  Quayle et al. v. Guild, Adm'r. 83
Ill. 553;  Darby et al. v. Catholic Church, 97. Ill. 19.

The decree cannot be sustained for another reason.   It was
error for the court to give an attorney's fee.  No statute au-
thorizes such a fee.   The discretion of a court of equity in
awarding costs must be confined to. the fees allowed by stat-
ute.   Constant v. Matteson et al. 22 Ill. 546;  Conwell et al.
v. McCowan et al. 53 Ill. 363;  Byers et al. v. Nat. Bank of
Vincennes, 85 Ill. 423.

The only clause in the trust deed under which the fee is
claimed is the following: " And out of the proceeds of said
sale shall pay first the costs and charges of this trust."

There is no averment in the cross-bill, nor is there any evi-
dence, that the trustee incurred any costs and charges in the
execution of his trust.  The clause in the trust deed could
only cover such costs and charges as would necessarily be
made by the trustee, should he sell the property under the
power given by the deed.   It could not cover the costs of liti-
gation made by others and in a case where the master in chan-
cery would sell the property under decree of court.

For these reasons the cause must be reversed and remanded,
with instructions to the court below to refer the case to the
master to take testimony and make and state an account.

Decree reversed.