Snyder v. Hall.

Reversed and remanded.

# DAVID H. SNYDER
## v.
# HENRY C. HALL.

1. DECREE—INTERLOCUTORY OR FINAL—WRIT OF ERROR—PLEA OF STATUTE OF LIMITATIONS.—To a writ of error the defendant in error pleaded the statute of limitations. There were two decrees; one upon a master's report stating the account between the parties, entered more than five years prior to suing out the writ of error, and the other less than five years prior, based upon the master's report of distribution of the assets of the firm, *Held*, without considering the question which of the decrees was the final one in the cause, that the plea of the statute being indivisible, and going to the right to a writ of error upon any portion of the record, and the right to a writ upon the last decree not being barred, the plea was insufficient.

2. EFFECT OF PLEA.—The plea being to the whole record, and not as to the first decree, and not being sustained by the evidence, the judgment of reversal must likewise apply to the whole record.

3. Dissolution of partnership—Stating accounts.—The court is of opinion there was not a proper stating of the accounts between the partners by the master. In such proceedings the master should render a concise and accurate statement of the account, so that the same may be easily comprehended, and any objection passed upon understandingly.

Error to the Circuit Court of Ford county; the Hon. Owen T. Reeves, Judge, presiding.   Opinion filed January 17, 1882.

Mr. E. C. Gray and Mr. N. H. Ryan for plaintiff in error; that a partner is not entitled to receive special compensation for his services, unless by agreement, cited Lee v. Larchbrook, 8 Dana 214; Day v. Lockwood, 24 Conn. 185; Desha v. Shepperd, 20 Ala. 747.

Nor is he entitled to interest on advances, in the absence of such agreement: Jones v. Jones, 1 Wend. 332; Houser v. Comesnil, 7 Dana 199; Wagoner v. Gray, 2 H. & Mumf. 603; Dexter v. Arnold, 3 Mason 284.

Mr. C. H. Wood and Mr. A. Sample for defendant in error; that the books of the partners introduced in evidence are not made a part of the record, and without them this court can not review the case, cited Van Meter's Heirs v. Love's Heirs, 29 Ill. 488; Bressler v. McCune, 56 Ill. 475.

Interest was properly charged: Story on Partnership, § 182; Heartt v. Corning, 3 Paige, 566.

The last decree was only auxiliary to the former decree: Myers v. Manny, 63 Ill. 211; Fogary v. Conrad, 6 How. (U. S.) 202; Thomson v. Dean, 7 Wall. 342.

The first decree was one from which an appeal could be taken, and the statute of limitations began to run from that time: Hedges v. County of Madison, 1 Gilm. 306.

McCulloch, J.   The parties to this suit were partners in business, and each one filed a bill against the other for an accounting and for a dissolution of the firm.   On the 21st day of August, 1875, the two suits were, by order of the circuit court, consolidated, a decree dissolving the partnership was entered, and the cause referred to the master to take proofs and to state the account between the parties.

Snyder v. Hall.

At the December term of the same year, the master made his report, to which exceptions were filed and overruled by the court.    In accordance with the findings of the master, the court found that Snyder was indebted to the firm in the sum of $2,007.36; that the firm had certain personal and real property and certain choses in action, and that it was in debt to certain parties, in certain specified sums.

It then appointed a receiver and directed him to collect the assets, to sell the property belonging to the firm, to pay Hall certain specified sums, amounting in the aggregate to $7,969.35, after paying the liabilities of the firm, and to divide the overplus between the parties in certain proportions specified in the decree.    It also decreed that the losses and expenses of settlement should be borne equally by the partners, and that the proceeds of the notes and accounts, including the $2,007.36, which Snyder owed the firm, except what might be necessary to pay the debts of the firm, should be paid to Hall.

On the 15th day of April, 1876, the receiver made his report of the sale of property belonging to the firm.    On the 18th day of August, 1877, the receiver made a detailed report of his receipts and expenditures, which was accompanied by a report of the master approving the same.    On the 11th day of December, 1877, the receiver filed his final report, and the master made his report of the distribution of the assets of the firm, showing Snyder to be indebted to Hall, in the sum of $2,408.94, to which report Snyder filed exceptions.    On the 13th day of December, A. D. 1877, a final hearing was had upon the several bills, answers, replications and first report of the master (which report was again confirmed, as had been done in an interlocutory decree), as well as upon the report of the master to whom the cause had been referred, to state the account in full in said partnership matter, which latter report is also confirmed, except as to the sum found to be due said Hall, which the court reduced to $1,994.32, and rendered a decree in favor of Hall and against Snyder for that sum, and ordered execution therefor, together with certain costs not paid by the receiver.

To reverse these proceedings, Snyder, on the 19th day of October, 1881, sued out a writ of error from this court, and the

entire record is now before us. The errors assigned seek to call in question not only the propriety of the decree of December 13, 1877, but also that of the December term, 1875. To this writ of error Hall pleads the statute of limitations, alleging that more than five years have elapsed since the rendition of the decree to reverse which said writ of error is brought. Plaintiff in error replies that the writ of error was sued out within five years after the entry of the final decree in said cause.

It is contended, on the part of defendant in error, that the decree of the December term, 1875, was the final decree in the cause, by which the rights of the parties were fixed and determined, and that all subsequent proceedings were only had in execution of said decree. On the part of defendant in error, it is contended that the decree of the December term, 1875, was only interlocutory, and that no final decree was rendered until December 13, 1877.

In the view we take of the case, it is unnecessary for us to say what effect should be given to the decree of the December term, 1875, as to whether or not it fixed beyond recall the rights of the parties. It is very evident it did not decree that any specified sum was owing from Snyder to Hall, nor did it render any decree against him upon which an execution could issue. This the decree of the December term, 1877, did, and we have no doubt an appeal from that decree might have been taken, and that a writ of error will now lie.

The plea filed in this court is indivisible, and goes to the plaintiff's right at this day to have this writ upon any portion of the record upon which errors have been assigned; and inasmuch as we have seen that the writ is not barred as to the decree of December term, 1877, which is within the five years, the plea, because of its entirety, does not present a bar to a writ of error, and the finding of this court must be that the plea is not sustained. For this reason the judgment of this court must be that the decree of the court below be reversed. Austin v. Bainter, 40 Ill. 32. Ruckman v. Alwood, 44 Ill. 183.

In the examination of this question, we have been obliged to look into the record to see what was actually determined by

the several decrees and orders made in the case. From all we can learn, there never has been any proper statement of the accounts between the partners. From the report of the master, filed at the December term, 1875, a statement of Snyder's account with the firm seems to have been made, showing his indebtedness to the firm of $2,007.36, but we find no such statement of the account of Hall with the firm. In the decree based upon that report, the court ordered the proceeds of sales to the amount of $7,989.35 to be paid to him, but for what reason the report does not show. Afterward, the receiver paid him $6,552.10, as appears by his report of August 18, 1877, and by his final report he had paid him $1,513.32 more, which in the aggregate amount to $8,065.42. After paying all debts, and expenses, there was a loss of $451.58 to each partner, from which facts it appears that Hall received the entire assets of the firm, leaving a balance due him from Snyder of $1,994.32, which the court decreed should be paid.

Now it does not appear from anything in the record why this entire sum should be paid to Hall. He is not shown to be a creditor of the firm in that or any other sum. He has already received $76.07, more than the court ordered to be paid to him out of the proceeds of the sales, without deducting any part of the losses. If the firm owes him nothing on account, and Snyder owes the firm $1,994.32, then Snyder could square up his account by paying Hall one-half that sum. To justify this decree, it must be made to appear that the firm, after the application of all other assets, owed Hall $1,994.32, which sum Snyder owed the firm.

The report of the master at December term, 1877, was made by a successor of the master who made the report at the December term, 1875, and it appears he misconstrued the former decree. He reports to the court that from said decree it appears that $2,007.36, was owing from Snyder to Hall at that date; and upon this false hypothesis he proceeds to state the amount due from Snyder to Hall at the date of his own report. What the court did find at the December term, 1875, was that Snyder owed the firm the sum last named, instead of owing it to Hall. This indebtedness of Snyder's to the firm

constituted an asset of the firm, instead of an indebtedness of one partner to the other.

Exceptions to the report of the master were filed, covering the point now under consideration. Why they were overruled does not appear. We can not, from any report on file, or any decree rendered, ascertain what sum the firm at any time owed Hall, what capital he had invested in the same, what he had drawn out, what amounts of profits were from time to time carried to his credit, or with what losses he was charged. The proper practice in such cases is for the master to render a concise and accurate statement of the account, so that the same may be easily comprehended, and any objection passed upon understandingly. Quayle v. Guild, 83 Ill. 553.

Whatever we might hold as to the decree of the December term, 1875, if the plea of the statute of limitations were interposed to that alone, the judgment now pronounced is upon the plea to the entire record; and that not being sustained by the evidence, the judgment of reversal must likewise apply to the entire record, and the cause will be remanded to the circuit court for further proceedings in conformity with this opinion.

Reversed and remanded.