## CHARLES L. BONNEY

### v.

### MARY E. STOUGHTON, Adm'x, etc.

1. PARTNERSHIP—ACCOUNTS—STATUTE OF LIMITATIONS.—A bill in chancery between parties or their representatives for an account, is subject to the limitation of five years, and where the bar of the statute appears on the face of the bill and no circumstances are alleged to take the case out of the statute, the bill is obnoxious to a demurrer.

2. SAME—MISTAKE OF LAW.—The court is of opinion that the facts stated in this bill fail to take the case out of the Statute of Limitations, the only ground of relief being a mistake of law, not unmixed with negligence.

ERROR to the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding. Opinion filed May 5, 1886.

Mr. C. C. BONNEY and Mr. LYMAN M. PAINE, for plaintiff in error.

Messrs. SWETT, GROSSCUP & SWETT, for defendant in error.

BAILEY, P. J. This was a suit in chancery, commenced on

the 20th day of January, 1885, by Charles L. Bonney, as assignee of Edward G. Bowzer, against Mary E. Stoughton, administratrix of the estate of Charles H. Crowell, deceased, for an accounting and settlement of a partnership heretofore existing between said Crowell and said Bowzer, under the firm name of C. H. Crowell & Co., it being alleged that on such accounting and settlement it would appear that a considerable balance was due the complainant. A demurrer was sustained to the bill on the ground that the right to an accounting was barred by the Statute of Limitations, and a decree was thereupon entered dismissing the bill at the complainant's costs.

It is alleged that said partnership was in existence and doing business on the 1st day of July, 1878, and that it was terminated and ended by the mutual act, consent and acquiescence of said partners on the 20th day of May, 1879. It thus appears from the averments of the bill that more than five years elapsed after the dissolution of the partnership and before the commencement of this suit. A bill in chancery between partners or their representatives for an account, is subject to the limitation of five years. Quayle v. Guild, 91 Ill. 378. And where the bar of the statute appears on the face of the bill, and no circumstances are alleged to take the case out of the statute, the bill is obnoxious to a demurrer. Henry County v. Winnebago Drainage Co., 52 Ill. 454.

By way of attempting to take the case out of the statute, the bill alleges, in substance, that at the time of the dissolution of the firm, Bowzer called on Crowell for a settlement of the accounts of the partnership, and thereupon said accounts were discussed between them, Bowzer claiming that there was due him on a correct settlement the sum of $1,950; that Crowell did not deny that on a settlement there would be a considerable amount due Bowzer, and did not dispute the amount claimed by Bowzer; that thereupon the parties made sundry computations relating to said amount for the ostensible purpose of determining the same; that Crowell then and there made upon a piece of paper sundry figures and computations, and among other figures and items wrote down the figures "1137.75," to which said Bowzer added the figures "90.31"

making a total of "1230.06," and said Bowzer then and there
understood and believed that the figures so made between
Crowell and him, together with the other figures and memo-
randa written at the same time, which figures and memoranda
were then and there delivered by Crowell to Bowzer, amount-
ed in fact and in law to an admission by Crowell that the sum
of $1,230.06 was due from him to Bowzer on a settlement of
the partnership accounts, until it was adjudged to the contrary
as hereinafter stated; that about December 18, 1881, Crowell
died, and that Mary E. Stoughton was thereupon appointed
administratrix of his estate; that on the 21st day of August, 1882,
Bowzer, still believing that what transpired between him and
Crowell on °the 21st day of May, 1879, constituted a valid
settlement in law and equity, filed his claim against the estate
of Crowell for said sum of $1,230.06, and that such proceedings
were afterward had in the probate court in the matter of
said claim, that it was adjudged by said court that no final set-
tlement had been had between said partners in respect to the
accounts of said firm, and said claim was by said court on that
ground disallowed; that the matter of said claim was thereupon
taken by appeal to the circuit court, where, on trial, said claim
was disallowed on the same ground, the judgment of the
circuit court in said matter being rendered on the 2d day of
November, 1884.

The facts stated in the bill fail, in our opinion, to take the
case out of the Statute of Limitations. No fraud is alleged,
the only ground of relief being mistake. The mistake, how-
ever, does not seem to be one of fact. It is nowhere alleged
that Bowzer was not fully and completely cognizant of all the
facts upon which he based his assumption of a settlement.
They all took place in his presence. Nothing, so far as ap-
pears, was concealed from him, and nothing is shown to have been
done by Crowell or any other person, tending to mislead him
or to take any undue advantage of him. His mistake was that
of placing an improper construction upon facts with which he
was perfectly cognizant; or in other words, his mistake was
purely a mistake of law, unaccompanied by any special circum-
stances which should induce a court of equity to interpose to

relieve him from the consequences of his mistake. It may be further remarked that his mistake is by no means unmixed with negligence. It is difficult to see how the facts stated in the bill could of themselves alone have been relied upon in good faith by a person of ordinary understanding, as amounting to an accounting and settlement of the affairs and business of the partnership. It does not appear that the accounts of the firm were gone over and a balance struck, but only that after some negotiations the parties set down on a piece of paper certain figures unaccompanied by any explanation, either oral or written. There was no word or character even indicating that the figures were intended to represent sums of money. Nothing is shown to have been said or done by either party, indicating in any intelligible manner that the figures thus written down were to be taken as a statement of the balance due from Crowell to Bowzer. If such was the intention, it would have been natural for something to have been said indicating such intention, and it was at least incumbent upon Bowzer, instead of relying upon memoranda, which were of themselves meaningless or at least equivocal, to have obtained from Crowell some expression of what he meant by them. His professions of good faith in supposing that he had obtained a final settlement, require some stretch of credulity in order to be believed.

We think the court below properly sustained the demurrer, and the decree will be affirmed.

Decree affirmed.

MORAN J., took no part in this decision.