### WILLIAM THARP *v.* GEORGE THARP.

#### (In Chancery.)

In cases where courts of law and equity have concurrent jurisdiction, and
    a claim is barred at law, it will not be suffered to be revived in a court
    of equity.

An account rendered and acquiesced in for a considerable time, will be
    conclusive upon the parties, the same as an account stated.

THIS was an appeal from a decree of the court of chan-
cery, dismissing the orator's bill.    The bill was brought to
compel an account.    The bill was answered, the answer was
traversed, and testimony taken.    From the bill, answer and
testimony, it appeared, among other things, that, in the year
1800, William Tharp, then of Ireland, constituted William

C. Harrington, of Burlington, Vermont, his attorney, with power to manage and dispose of certain estate which had been bequeathed to him by his brother, John Tharp, including the collection of sundry debts which constituted a part of said estate ; that the said Harrington not accounting, satisfactorily to said William, the latter, on the 28th of September, 1802, constituted the defendant his attorney, with authority to dismiss and supersede the said Harrington ; to call him to account for all moneys which had come into his hands as attorney of said William, and to manage and dispose of the residue of said estate ; that in execution of the said power of attorney, the defendant, in the year 1805, effected a settlement with Harrington, in which it was agreed that Harrington should pay the defendant the sum of $2100, and that the defendant should, in consideration thereof, convey all the interest of the said William, in said estate, to the said Harrington ; that, subsequently, and before the year 1808, Harrington paid to the defendant the said sum of $2100, and that the defendant, in the year 1809, executed a conveyance to Harrington according to the terms of said agreement; that the defendant, soon after said settlement, wrote to said William Tharp, giving him a particular account thereof, and that said William answered said letter, and expressed no disapprobation of the conduct of the defendant in said settlement ; that the defendant, previous to the year 1811, made sundry remittances to the said William, and sundry payments in Vermont, for, and on his account, which, together with his commissions on the amount received, and remitted and disbursed, he alleged in his answer, was in full of all he had received as attorney for said William ; that, in the year 1811, after the said account was closed, the defendant transmitted to the said William a full copy thereof; and that the said William did not, during his life time, make any objections thereto, or claim that the defendant had not fully accounted.   It further appeared that the said William, on the 12th of May, 1819, made his last will and testament, therein devising to the orator all his estate, and that he died in the year 1821.

The orator alleged that the defendant had received from Harrington, moneys, goods, chattels, and choses in action, to the amount of ten thousand dollars—an amount greatly

exceeding that stated in the said rendered account of the <span style="float:right">CHITTENDEN,<br>*January,*<br>1843.</span> defendant—which, the defendant in his answer, denied.

Tharp
*v.*
Tharp.

It further appeared that the orator had never had his domicil in this state, but had always been a resident of Ireland or of the province of Lower Canada.

The defendant, in his answer, alleged that his liability, if any, did not accrue at any time within six years next before the bringing of the bill, and might have been enforced, if at all, in a court of law.

*Lyman & Marsh,* for defendant, contended,

That the orator's right, if any, was barred by lapse of time, and the statute of limitations; and cited *Ellison* v. *Maffat,* 1 J. C. R. 46; *Arden* v. *Arden,* Ib. 313; *Mooers* v. *White,* 6 J. C. R. 360 (369); *Kane* v. *Bloodgood,* 7 J. C. R. 90 (111); *Ray* v. *Bogart,* 2 J. Cas. 452; *Chalmers* v. *Bradley,* J. & W. 62; *Spear et al.* v. *Newell,* 13 Vt. R. 288 (293);—

That William Tharp, the principal, having deceased, the orator could avail himself, personally, of no exception in the old statute of limitations, by way of successive disability; and cited *Wych* v. *E. J. Company,* 3 P. W. 309; *Eager* v. *Commonwealth,* 4 Mass. 182; *Doe* v. *Jesson,* 6 East, 80; *Bunce* v. *Wolcott,* 2 Conn. 27; *Demarest* v. *Wynkoop,* 3 J. C. R. 129;—

That, by the act of 1832, (Comp. of 1834, 57 & 58,) the exception of the statute, as to persons beyond seas, was repealed, and was not restored by the the Revised Stat. of 1839;—

That, it is well settled that courts of chancery adopt the statute in all cases where there is a concurrent remedy at law; and that, as George Tharp was liable to account at law, and the statute had run upon that form of action, it was too late to seek a remedy in chancery.

*C. Adams,* for orator.

The claim of the orator is not barred by the statute of limitations, because it is founded in a trust or confidence.

Both the Tharps are within the saving of the statute, as neither of them have ever had any domicil in this state.

This is not a case in which successive disabilities can arise.

CHITTENDEN, Successive disabilities plainly import disabilities succeeding
January, each other in the same person, and in different persons suc-
1843.
Tharp ceeding each other.    The same reason for the exemption of
v. the first applies, also, to the second.
Tharp.

The orator's claim is not barred by any presumption from lapse of time.    No presumption can be raised in cases subject to the statute of limitations.    If they could, statutes of limitation would become nugatory.    Nor can the presumption be raised in cases taken out of the statutes by the saving provisions of those statutes.

Presumptions are rather legal inferences drawn from established facts ; as, from a long continued possession, the court will presume it was under a deed rather than that the possessor acted as a trespasser.    But, in this case, there are no facts from which an inference can be drawn.

The defence arises not from any facts, or acts done, but from the negation of them ; and the statute might be properly pleaded were it not that the case is taken out of it. *University* v. *Reynolds*, 3 Vt. R. 558.

The opinion of the court was delivered by

REDFIELD, J.—This being a bill in chancery to compel an account, in a case where a court of law has concurrent jurisdiction with courts of equity, if the claim is barred at law, it cannot be enforced in equity.    This is a uniform rule.    *Staniford* v. *Tuttle*, 4 Vt. R. 82.    *Hall* v. *Hall*, 8 Vt. R. 156.

This claim is of nearly forty years standing, and the only ground of exception to the operation of the statute of limitations, is the fact, that the present claimant and his ancestor, in whose right he claims, have resided without the state and beyond sea.    All claims of such persons, until the year 1832, were exempted from the operation of the statute of limitations in this state.    At that time this exemption was repealed without any saving in favor of those even, whose rights, by the general terms of the statute of limitations, had already become barred ; thus, in terms, at once extinguishing all such claims.    It is not necessary, now, to inquire whether it could have been the intention of the legislature thus summarily to annihilate this class of claims, or how far, giving the statute its literal operation, is to be esteemed a contravention of the

United States constitution. It is sufficient for the present case, that, after the repealing of that exemption, and before the bringing of the present bill, more than six years had elapsed, and thus the plaintiff's right had become effectually barred by the statute of limitations. This is a sufficient reason why this bill cannot be maintained.

There is one other point in the case, which seems to be equally conclusive. This defendant, it is admitted, rendered to the orator's ancestor a full account of his proceedings, as early as 1807, and transmitted to him a copy of his account current in 1811. The ancestor survived until 1821, with these accounts rendered, in his hands, and without any the least objection to their fairness and accuracy ; and after his decease, until the filing of the present bill in 1841, twenty years more have elapsed, and no complaint is made by the heir. Under these circumstances, it would be wholly unprecedented for a court of equity to open the account. Mr. Justice Story, 1 Equity Jurisp. 501, says, " An account *rendered* shall be deemed an account *stated*, from the presumed approbation and acquiescence of the parties, unless an objection is made thereto in a reasonable time." And " a *settled* account will be deemed conclusive between the parties, unless some fraud, mistake, omission or inaccuracy is shown." This bill is not brought with any view to surcharge or falsify an account settled between the parties. That the time, which has elapsed since the account was rendered, is sufficient to bind the parties to it, as an account settled, is apparent. In *Murray* v. *Tolland*, 3 Johns. Ch. R. 569, 575, it is laid down " If a merchant receives a *stated account from abroad*, and keeps it by him, any length of time, e. g. *two years*, without objection, he is bound by it, and equity will not decree an account to be taken afterwards." The cases of *Ellison* v. *Maffat*, 1 Ib. 46, and *Moores* v. *White*, 6 Johns. Ch. R. 360, are to the same point. Also *Irvine* v. *Robertson*, 3 Rand. (Vir.) R. 549. Decree of the chancellor affirmed with costs.