### C.  A.  CRAMPTON, ADMR., APEE.,

v.

### MARY  L.  AND  JULIA  L.  SEYMOUR, ADMRS., APTS.

JANUARY TERM, 1895.

*Life interest.    Right of administrator to sue.    Evidence.
Account stated, when conclusive.*

1.  The plaintiff's intestate took under her husband's will a life
      interest in and absolute title to all his property, subject to
      the payment of a small legacy out of what might remain at
      her death.    *Held*, that the plaintiff, as her administrator,
      could recover from the defendant money which he had re-
      ceived as her agent during her lifetime.

2. The intestate was mentally and physically feeble, and the defendant transacted her business for her, receiving and disbursing money on her account. *Held*, that evidence that upon one occasion the defendant received pay for some cattle belonging to her, that upon another occasion he exhibited a sum of money, saying that it was money of the intestate, and that upon still another occasion he searched the trunk of the intestate, and carried away a sum of money found there after giving her a receipt, tended to show that defendant had these several sums, and should account for them.

3. But that defendant, upon being told by a creditor of the intestate that he had paid her a sum of money, said he must go and get it, does not tend to show that this sum ever came into his hands.

4. An account stated as settled is not conclusive as to items not embraced in it.

5. It did not appear that there was any contract between the intestate and defendant that defendant should receive compensation for his services. *Held*, that the declarations of the defendant that he did not expect anything were evidence tending to prove that fact, and that the finding of the county court disallowing his claim for services would not be disturbed.

Appeal from an order of the probate court for the district of Franklin. Trial by court at the April term, 1894, Franklin county, TAFT, J., presiding. Judgment upon the facts found by the plaintiff in the sum of one thousand two hundred seventy-seven dollars and eighty-three cents, and costs. The defendants except.

The plaintiff brought suit as the administrator of Emeline Hawkins, and the defendants were the administrators of H. P. Seymour. Emeline Hawkins was the wife of Alfred Hawkins, who died in January, 1885, leaving a farm and considerable personal property, all of which he bequeathed upon certain conditions to his wife Emeline. The will was probated in March, 1885, and no further steps were ever taken in the settlement of the estate or the distribution of the property. Mrs. Hawkins took possession of it, and managed it as her own down to her death. In this she was

guided by the advice of Mr. Seymour who, on account of his intimate personal relations with Mr. Hawkins while alive, continued to act as her adviser and manager to a great extent after his death. Mrs. Hawkins, with advancing years, became very feeble in both mind and body, and the conduct of her affairs fell more and more into the hands of Mr. Seymour, until during the few years which preceded his own death in 1892 he transacted practically all her business. He kept an account of certain matters between Mrs. Hawkins and himself from 1886 to 1889, and from the latter date until his death he kept an accurate account in detail of all matters between them. Copies of these accounts were from time to time furnished her. No one of the items allowed by the court as hereinafter stated was embraced in these accounts.

The plaintiff claimed to recover for various sums of money which Mr. Seymour had received on account of Mrs. Hawkins, and had not accounted for. The court charged him with the following items as of the dates named :

February, 1885, one hundred and twenty dollars.

February, 1885, ninety dollars.

April 3, 1889, six hundred and fifty dollars.

July 6, 1889, four hundred eighty dollars and forty-three cents.

The court gave judgment for these sums with interest, less the balance found due Mr. Seymour from year to year.

The defendants objected that the title to this property in Mrs. Hawkins was not such under husband's will that her administrator could maintain this suit. Those portions of the will material to a decision of this question are fully stated in the opinion.

The defendants further objected that there was no evidence tending to show that Seymour had the various sums with which his estate was charged by the judgment. The evidence upon these several points is stated in the opinion.

The defendants presented a claim in offset for the services of Mr. Seymour, but the court found that he had never made such a charge in his lifetime, and had said that he did not intend to, and disallowed the claim.

*Wilson & Hall* for the defendants.

The title to all this property remained in the estate of Alfred Hawkins, and his representative alone could sue for it. *Parks' Admr.* v. *American Home Missionary Soc.*, 62 Vt. 19; Shoul., Exrs. and Admrs., 2d Ed., ss. 120, 186, 190; *Eisenbise* v. *Eisenbise*, 4 Watts 134; *Tappan* v. *Tappan*, 30 N. H. 50.

A judgment in this case would be no bar to such a suit. *Shaw, Admr.*, v. *Hallihan and Wife*, 46 Vt. 389; *Manville, Admr.*, v. *Briggs*, 17 Vt. 176; *Walton, Admr.*, v. *Hall's Est.*, 66 Vt. 455.

By accepting without objection the accounts as stated by Mr. Seymour, Mrs. Hawkins is estopped to deny their accuracy. *Tharp* v. *Tharp*, 15 Vt. 105; *Wiggins* v. *Berkham*, 10 Wall. 129; *Lockwood* v. *Thorne*, 11 N. Y. 170.

*Hogan & Royce* for the plaintiff.

The declarations of Seymour, that he intended to make no charge, were evidence tending to show that fact. 1 Greenl., Ev., (14th Ed.) ss. 171, 189; *Conn. River Savings Bank* v. *Albee's Admr.*, 64 Vt. 571; *Wheeler* v. *Wheeler's Est.*, 47 Vt. 637; *Wead* v. *St. J. & L. C. Rd. Co.*, 66 Vt. 420; *Laurent* v. *Vaughn*, 30 Vt. 90.

Since Seymour received this money in trust for Mrs. Hawkins, he and his representatives are estopped to deny her title. *Kane* v. *Bloodgood*, 7 Johns. Ch. 110; *Taylor et al.* v. *Benham*, 5 How. 233; Big., Estop., pp. 545, 552; *Kinsman* v. *Parkhurst*, 18 How. 289; 1 Pars., Con., (7th Ed.) 93; *Soper* v. *Frank*, 47 Vt. 368.

The estate of Alfred Hawkins vested in the intestate upon his death. R. L., s. 2049; 2 Redf., Wills, *215; *Bridgman* v. *St. J. & L. C. Rd. Co.*, 58 Vt. 198; *Ex parte Fuller*, 2 Story 327; *Hibbard* v. *Ricart*, 3 Vt. 207; *Cushman* v. *Jordan*, 13 Vt. 597; *Hyde* v. *Barney*, 17 Vt. 280; *Austin* v. *Bailey*, 37 Vt. 219; *Casey* v. *Casey*, 55 Vt. 518.

TYLER, J.　The plaintiff, as administrator of Emeline L. Hawkins' estate, seeks in this action to recover moneys of the estate which it is claimed Mr. Seymour received in his lifetime, and for which he never accounted.　Said Crampton was duly appointed guardian of Mrs. Hawkins soon after the death of Seymour, and during her life brought this suit as her guardian; after her death, by leave of court, he entered to prosecute.

The interest which Mrs. Hawkins had in the estate of her husband was derived from the following clauses in his will:

"I give and bequeath to my well-beloved wife, Emeline L. Hawkins, all my property, both real and personal, to be hers absolutely and forever, to use and dispose of during her life for her own benefit; and of what remains of said property, at my said wife's decease, I give to my beloved niece, Martha Smith, five hundred dollars, and the remainder of said property my will is that my said wife may dispose of as she may prefer.

"It is my intention by the foregoing provisions to give my said wife the right to use, for her own support and comfort during her life, all of said property if needed by her for that purpose, and that if not so needed, the remainder, to the extent of five hundred dollars, shall go to the said Martha Smith before any of said property shall be given to any other person."

The will was proved and allowed March 27, 1885, but no further proceedings were had under it; the estate was never settled, and no decree was made by the probate court respecting it.　No executor or administrator was appointed. Mrs. Hawkins took possession of the farm and personal property and treated them as her own, acting under Mr.

Seymour's advice in the management thereof until his death on March 17, 1892.

It is contended by the defendant's counsel that, as Mrs. Hawkins did not dispose of the estate by will, she took only a life interest therein, and that no action therefor can be maintained by her administrator. The will gave her the possession and control of the estate during her life, the right to use it all, if necessary, for her support and comfort, and to dispose of whatever was left at her decease except five hundred dollars. Her duty was to collect the assets, pay the debts and expenses, and hold the remainder in trust for her own support during life and for the niece's legacy. Whatever part of this duty remained unperformed at her death clearly devolved upon her administrator. It is difficult to see how it could have devolved upon any other person. As Seymour received the money as Mrs. Hawkins' agent, neither he nor his administrator could dispute the right of the plaintiff to sue for it.

There was evidence tending to show that Finn paid Seymour ninety dollars for cows that came from the Hawkins place; that on one occasion Seymour went upon the porch of the Hawkins house and exhibited one hundred and twenty dollars or more to a witness, and said it was "Hawkins money," and asked the witness to count it so that someone would know how much there was of it; that at another time in the presence of other witnesses, he searched Mrs. Hawkins' trunk and found therein six hundred and fifty dollars, which he carried away after giving her a receipt. The finding of the county court in relation to these three items cannot be revised here, as there was some evidence to support them, and its weight was for that court to determine.

The evidence in relation to the item of four hundred eighty dollars and forty-three cents tended to show that after her husband's death Mrs. Hawkins was physically and mentally feeble, and that Seymour took the principal management of

her affairs, carried on the farm and took the income from it, collected and invested money due the estate, and said he did not intend to leave money or notes in her house; that he did this because he and her husband had been friends, and the latter had done him favors; that he called on one Whittemore who owed the estate, and requested him to pay his note unless he would pay six per cent interest; that Whittemore decided to pay the note; that the interest was then reckoned and an indorsement made; that Whittemore soon after paid the amount of the note to Mrs. Hawkins; that two or three weeks after he saw Seymour and told him he had paid her; that Seymour seemed surprised, and said he should go and get the money and loan it to another man who had applied for it.

Every presumption will be made in favor of the judgment of the court below, but in this case the evidence on which the judgment was based is before us, and it does not tend to show that Seymour took this money from Mrs. Hawkins. If it were a part of the six hundred and fifty dollars, the defendant estate is charged with it in that item. The evidence tended to show that Seymour thought Mrs. Hawkins incapable of doing any business, yet this and other money was paid to her, and she may have disposed of it herself. We think the court was not justified in inferring from the relations that existed between the parties that Seymour had this money, and it was therefore error to charge it to his estate. Seymour acted in a trust capacity, and as he and Mrs. Hawkins both received funds, it should appear that the Whittemore money actually came into his hands before his estate should be charged therewith.

The plaintiff is not barred from recovering the ninety dollars, one hundred and twenty dollars and six hundred and fifty dollars, by the doctrine of account stated. The court below found that from January, 1886, until the spring of 1889 Seymour "kept an account with Mrs. Hawkins of cer-

tain matters," and that copies thereof were furnished her; that there was a balance due him of thirty-six dollars and seventy-one cents, which he charged in the beginning of a new account June 17, 1889, after which until within five days of his death he kept a full and accurate statement of items furnished her. An inspection of this account shows that he charged her with items for taxes, insurance, repairs of buildings and fences, for labor on land, family supplies and other similar items, and that he credited her with receipts for farm produce and rent of pasture. At the end of the first year there was a balance of fourteen dollars and six cents due Mrs. Hawkins, which he says in a memorandum at the foot of the account he paid to her. At the end of the next year a balance of forty-one dollars and ninety-four cents was due him, of which he notes payment. After that the balances were in his favor and not settled, but were carried forward to new accounts.

In *Holmes & Drake* v. *D' Camp*, 1 Johns. 34, the court said that formerly the stating of an account was considered so deliberate an act as to preclude any examination into the items, citing *Truman* v. *Hunt*, 1 T. R. 40, but that of late greater latitude had prevailed, and that any errors may be shown and corrected.

The accounts rendered by Seymour were at most conclusive only as to the liability of the parties with reference to the transactions included in them. 1 Bouv. Law Dict. 86, defining account stated at law. Acceptance must be by a competent person, excluding infants and those of unsound mind. *Truman* v. *Hunt.* The plaintiff's evidence tended to show that Seymour considered Mrs. Hawkins incompetent to transact business. If this were true, no acceptance of the accounts rendered could be predicated of her. The court made no finding on this subject, nor does it appear that any question in respect to Mrs. Hawkins' acceptance of or ac-

quiescence in the accounts or her competency to accept or acquiesce was raised.

This subject is discussed in the notes to *Philips* v. *Belden*, 3 Edw. Ch. 1, where cases are cited and the doctrine stated, that in no case has an implied admission of the correctness of an account from lapse of time and failure to object been held to be an estoppel, but that these facts merely make a *prima facie* case so as to cast the burden of proof on the party who thus remains silent. Example : writing up a bank book and depositing in it forged checks and returning the book and vouchers, which constituted a statement of an account by the bank ; but as the bank had taken no action and lost no rights in consequence of the depositor's silence, the only effect of the depositor's omission to examine the account and make objection was to cast the burden on him to show the fraud or mistake. *Brown* v. *Kimmel*, 67 Mo. 431 ; *Perkins* v. *Hart*, 11 Wheat. 256 ; *Wiggins* v. *Burkham*, 10 Wall. 129. An account stated as settled is a mere admission that it is correct. It is not an estoppel ; it is still open to impeachment for errors or mistakes. *Hutchinson* v. *Market Bank*, 48 Barb. 324 ; *Young* v. *Hill*, 67 N. Y. 176. Other cases cited in these notes are to the effect that an account stated may be impeached for fraud or mistake. It was held in *Manhattan Co.* v. *Lydig*, 4 Johns. 377, that where an account has been settled it may be opened for the purpose of falsifying particular items, though it cannot be opened generally. *Tharp* v. *Tharp*, 15 Vt. 105, is in consonance with this rule.

One rule is clear in regard to these accounts, that they are not conclusive upon what they do not contain, upon items which Seymour did not charge himself with and which the court below found, upon sufficient evidence, came into his possession.

The defendants do not claim that there was an express contract between Mrs. Hawkins and Mr. Seymour by which the

26

latter was to be compensated for the services which he rendered, but they contend that there was an implied promise on the part of Mrs. Hawkins ; that as Seymour never said to her that he was performing the services gratuitously, she should have presumed that they were to be paid for. The law would not imply a promise in Seymour's favor against his own declared intention not to charge ; therefore, his declarations even to third persons had some tendency to show what his intention was in this respect, and were properly admitted. The charges in favor of Seymour's estate for services were properly disallowed.

The judgment of the court below was correct, except in allowing the plaintiff the item of four hundred eighty dollars and forty-three cents.

*Judgment reversed, and judgment for the plaintiff for six hundred fifty-three dollars and fifty-two cents, to be certified to the probate court.*